# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM G. CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:05-CV-884-SNL** |
| | ) | |
| **STEVE LEWIS and** | ) | |
| **MICHELLE MONAHAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of plaintiff William G. Carter for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks declaratory and monetary relief pursuant to 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff sues defendants Lewis and Monahan, state assistant public defenders, in their individual capacities. Plaintiff alleges that he is forced to take life-threatening antipsychotropic drugs which have caused him "several headaches." Plaintiff alleges that defendants, who were assigned to represent him in proceedings under Mo. Rev. Stat. §§ 632.480, *et seq.*, have failed to protect him from being forcibly medicated.

## Discussion

Plaintiff's complaint as to defendants Lewis and Monahan, public defenders, fails to state a claim upon which relief may be granted. Public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because defendants do not act under color of state law for purposes of § 1983 in failing or refusing to intervene in plaintiff's drug treatment, plaintiff's claim against these defendants must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] be **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of August, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**